# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-01-521 |
| | § | |
| VIRGEY MATEO-TAVAREZ, | § | |
| | § | |
| Defendant. | § | |
| (Civil Action No. H-05-575) | § | |

## MEMORANDUM AND OPINION

Virgey Mateo-Tavarez moves to vacate the sentence he received in September 2003 following his plea of guilty to one count of attempt to distribute more than 500 grams of cocaine.  Mateo filed this motion under 28 U.S.C. § 2255 in January 2005.  He asserts that when he was sentenced, this court "reinstated" the right to appeal that he had waived as part of his plea agreement.   Mateo alleges that his appellate counsel provided ineffective assistance by failing to appeal the drug quantity this court used in imposing sentence, particularly in light of the later decision in *Blakely v. Washington,* 542 U.S. 296 (2004). (Docket Entry Nos. 280, 301).  The government has moved to dismiss and for summary judgment, arguing that Mateo waived his appellate and collateral challenge rights in the plea agreement, and alternatively, that he fails to present a basis on which the relief can be granted.  Based on the pleadings; the parties' submissions; the record; and the applicable law,

this court GRANTS the government's motion for summary judgment and, by separate order, enters final judgment in this case.  The reasons are set out below.

## I.      Background

On April 12, 2002, Mateo entered a plea of guilty to the count charging attempt to distribute more than 500 grams of cocaine.[1]  Mateo agreed to waive his right to appeal or to file a collateral challenge, except under certain circumstances that he does not allege to be present.  The government agreed to dismiss a count of conspiracy to distribute more than 5 kilograms of cocaine and a count of aiding and abetting the distribution of 5 kilograms of cocaine.  The government also agreed to recommend a three-level reduction for timely acceptance of responsibility and the low end of the applicable sentencing range.  The government complied with its plea agreement obligations.  On September 8, 2003, Mateo received a sentence of 108 months, the low end of the range.  On September 9, 2003, Mateo filed a notice of appeal and court-appointed counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967).  In the brief, counsel stated that he had reviewed the record and concluded that Mateo had knowingly and willingly waived his right to appeal.  The appeal was dismissed in December 2004.

In January 2005, Mateo filed this motion.  Mateo agrees that he did waive his right to appeal when he entered his guilty plea, but argues that this court "reinstated" those rights

---

[1] 21 U.S.C. § 841, establishes three maximums for cocaine-distribution offenses: distribution of any quantity permits a sentence up to 20 years (§ 841(b)(1)(C)); distribution of more than 500 grams raises the maximum to 40 years (§ 841(b)(1)(B)(i), (iii)); distribution of more than 5 kilograms raises the statutory maximum to life (§ 841(b)(1)(A)(i), (iii)).

at the September 2003 sentencing hearing.  He argues that his appellate counsel was ineffective in failing to appeal on the ground that the court held him accountable for more cocaine than his guilty plea supported.  Mateo argues that the evidence did not support the drug quantity used to determine his sentence.  The government responds that Mateo's ineffective assistance claim is without merit because he waived his right to appeal in the plea agreement and his right to appeal was not reinstated.

II.     **Analysis**

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Section 2255 provides the primary means of collateral attack on a federal sentence.  Relief under this section is warranted for any error that occurred at or prior to sentencing."  *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted).  A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief.  *United States v. Samuels,* 59 F.3d 526, 530 (5th Cir. 1995)(citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).  A claim of

ineffective assistance of counsel may be raised for the first time in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 509 (2003).

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that a defendant claiming ineffective assistance of counsel must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.   The objective reasonableness standard requires that counsel "'research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir.2000) (quoting *United States v. Williamson,* 183 F.3d 458, 462- 63 (5th Cir.1999)).  "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Id.*

The prejudice element requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694.  When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, "the prejudice prong first requires a showing that the appellate court would have afforded relief on appeal." *United States v. Reinhart,* 357 F.3d 521, 530 (5th Cir. 2004)(citations omitted).  "[A]ny amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the *Strickland* test." *United States v. Conley*, 349 F.3d 837, 839 (5th Cir.2003)(quoting *Glover v. United States*, 531 U.S. 198, 203(2001)); *see also Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000)("when constitutionally deficient performance deprives a defendant of an appeal that he otherwise

would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal").

Mateo argues that he received ineffective assistance when his counsel failed to appeal on the ground that he was held accountable for sentencing purposes for fifty kilograms of cocaine.   The record precludes the arguments Mateo makes.   The rearraignment transcript shows that the waiver of appeal was explained in detail, and that Mateo stated in court, under oath, that he understood.  (Docket Entry No.121).   As to the failure to challenge the sentence because of the drug amount, Mateo alleges no facts that show either deficient performance or prejudice.   When Mateo pleaded guilty, he acknowledged the truth of the factual basis.   Mateo was also admonished that the court would not be limited at sentencing to the information about the drug amount available at the rearraignment.  During the rearraignment, Mateo was specifically told that if the presentence investigation revealed information about a larger amount of drugs that he should be held responsible for, he could receive a heavier sentence but would not be able to withdraw his plea, appeal, or file a collateral challenge. Mateo stated under oath that he understood.  During the rearraignment hearing, Mateo was extensively admonished as to the extent of his waiver of appellate rights.   Mateo acknowledges in his response to the government's motion for summary judgment that he effectively waived his appellate rights.  (Docket Entry No. 301, p. 3).

Mateo argues that at sentencing, this court reinstated his right to appeal and that his appellate counsel should have raised the issue of reinstatement on appeal.   Again, the transcript precludes Mateo's argument.  The statement in the sentencing hearing on which

Mateo relies is taken out of context.  In context, the information this court conveyed to Mateo was as follows:

> Mr. Mateo, when you pleaded guilty, you agreed to give up your right to appeal the sentence or the way in which it was determined, and I accepted your plea after being assured that you understood that part of the plea agreement that you entered into.  I don't believe that there is any basis for appeal that survives your plea agreement.  If you believe otherwise, you must file a notice of any intent to appeal within 10 days from the date judgment is entered.

(Docket Entry No. 247, p. 35).  The record makes it clear that Mateo knowingly and effectively waived his right to appeal from the conviction and sentence or to file a collateral challenge, except for two circumstances that are not present.  His claim that the court "reinstated" his waived right to appeal by mentioning the ten-day filing period is frivolous.

There is no basis to support a claim of ineffective assistance that would vitiate the guilty plea or otherwise provide a basis for relief under section 2255.  *United States v. White*, 307 F.3d 336 (5th Cir. 2002); *United States v. Baymon*, 312 F.3d 725 (5th Cir. 2002).  Because Mateo's plea and waiver were knowing and voluntary, and the issue challenged on appeal is subject to waiver, the guilty plea sustains the conviction and sentence and the waiver can be enforced.  *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir.2005)("*Blakely* and *Booke*r do not alter the plain meaning of appeal-waiver provisions in valid plea agreements").

A section 2255 motion can be denied without a hearing if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.  Because the record reveals that Mateo is not entitled to the relief he seeks – reinstatement of his appeal

or the vacation of his conviction and sentence – this court grants the government's motion for summary judgment and, by separate order, dismisses this case.

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. A petitioner makes this showing if he demonstrates that his petition involves issues which are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(1)(B); *see United States v. Webster,* 392 F.3d 787, 792 (5th Cir. 2004).  Mateo has not made a substantial showing that he was denied a constitutional right.  This court concludes that Mateo is not entitled to a certificate of appealability.

SIGNED on July 21, 2005, at Houston, Texas.

Lee H. Rosenthal
United States District Judge